**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LEANN ROSSI, *et al.*,                :                 | |
|     Plaintiffs,        : | |
|                              : | |
| v.                                    : | CIVIL ACTION NO. |
|                              : | 1:10-CV-4254-RWS |
| FULTON COUNTY BOARD OF      : | |
| ASSESSORS/FULTON COUNTY : | |
| TAX ASSESSORS OFFICE,       : | |
| *et al.*,                              : | |
|     Defendants.       : | |

**<u>ORDER</u>**

This case is before the Court for consideration of the Reports and Recommendations ("R&Rs") [238, 240, 242, 244, 246 and 249] issued by Magistrate Judge Alan J. Baverman.  Each of the R&Rs addresses a motion for summary judgment filed by Defendant against each of the Plaintiffs.  The Court has reviewed the entire record, including the Objections, Responses, and Replies to the R&Rs filed by the parties and enters the following Order.

The Court adopts the findings and conclusions in the R&Rs and finds that the issues raised in the Objections of the parties have been fully addressed by

Judge Baverman. However, the following Objections of the parties warrant further comment from the Court.

First, all of the Plaintiffs have objected to the conclusion that denial of certain items, such as equipment, training opportunities, and opportunities to attend meetings, did not rise to the level of an adverse employment action. This conclusion serves as the basis for the granting of Defendant's Motion for Summary Judgement as to a number of Plaintiffs' claims. In their Objections to this conclusion, Plaintiffs rely on Hishon v. King & Spalding, 467 U.S. 69 (1984). Plaintiffs assert that, under Hishon equipment, training opportunities, and opportunities to attend meetings are benefits or privileges of employment that cannot be doled out in a discriminatory manner. The Court finds that Judge Baverman addressed this contention in the R&Rand correctly concluded that "Hishon provides a weak analogy to Plaintiffs' claims in this case." R&R [246] at 55. "[T]o prove adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a *serious and material* change in the terms, conditions, or privileges of employment. Moreover, the employees' subjective view of the significance and adversity of the employer's action is not controlling: The employment action must be materially adverse as viewed by a reasonable person in the circumstances." Id. (quoting Davis v. Town of Lake

2

Park, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original)).  The matters complained about by Plaintiffs were not such that the denial of such matters resulted in a material alteration of the terms of employment of Plaintiffs.  Therefore, Judge Baverman correctly concluded that Plaintiffs had not suffered an adverse employment action as a result of the denial of these items.

In Defendant's Objection to the R&R as to Plaintiff Rossi [256], Defendant objects to the recommendation that summary judgment be denied as to Plaintiff Rossi's Americans with Disabilities Act ("ADA") claim.  Defendant asserts, for the first time in its objections, a number of potentially valid grounds for dismissing Plaintiff Rossi's ADA claim.  However, as pointed out by Judge Baverman in the R&R, Defendant's Motion for Summary Judgment on this claim was based solely on the causation element of Plaintiff's ADA claim. R&R [246] at 30, 32, 34. The Court agrees with the conclusion in the R&R "that Plaintiff has established a genuine issue of material fact as to the causation element of her ADA claim."  Id. at 34.

Based on the foregoing, the Court receives the R&Rs [238, 240, 242, 244, 246 and 249] with approval and adopts them as the opinion and order of this Court. Accordingly, Defendant's Motion for Summary Judgment as to

3

Plaintiff Cheryl Smalls [160] is **GRANTED** as to all claims asserted by Plaintiff Smalls;  Defendant's Motion for Summary Judgment as to Plaintiff Theresa McGruder [161] is **DENIED** as to the disparate-treatment claim arising from Plaintiff's termination and **GRANTED** as to all of the remaining claims asserted by Plaintiff McGruder; Defendant's Motion for Summary Judgment as to Plaintiff Ansley Pascoli [163] is **GRANTED** as to all claims asserted by Plaintiff Pascoli; Defendant's Motion for Summary Judgment as to Plaintiff Debra Poole [162] is **DENIED** as to the disparate-treatment claims under Title VII and the Age Discrimination in Employment Act ("ADEA") that arise from Plaintiff's termination and the claim of interference under the Family and Medical Leave Act ("FMLA") and **GRANTED** as to all of the remaining claims asserted by Plaintiff Poole;  Defendant's Motion for Summary Judgment as to Plaintiff Leann Rossi [158] is **DENIED** as to claims under the ADA and the retaliation claims under the FMLA and **GRANTED** as to all of the remaining claims asserted by Plaintiff Rossi; and Defendant's Motion for Summary Judgment as to Plaintiff Rebecca Canada [159] is **DENIED** as to the failure-to-accommodate claims under the ADA and the claims under the FMLA and **GRANTED** as to all of the remaining claims asserted by Plaintiff Canada.

4

Counsel for the remaining parties are **ORDERED** to submit a proposed consolidated pretrial order to the Court within 30 days of the entry of this Order.

**SO ORDERED**, this   22nd   day of March, 2013.

*Richard W. Story*
**RICHARD W. STORY**
United States District Judge